**XIU E. ZHANG, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,[1] Respondent.**

**No. 08–2105–ag.**

United States Court of Appeals, Second Circuit.

March 11, 2009.

Jan Potemkin, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Timothy G. Hayes, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSEPH M. McLAUGHLIN and Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Xiu E. Zhang, a native and citizen of the People's Republic of China, seeks review of a March 31, 2008 order of the BIA affirming the March 1, 2006 decision of Immigration Judge ("IJ") Elizabeth A. Lamb, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu E. Zhang*, No. A96 401 053 (B.I.A. Mar. 31, 2008), *aff'g* No. A96 401 053 (Immig. Ct. N.Y. City Mar. 1, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, where the BIA found that the IJ did not make an explicit adverse credibility finding, we review only the IJ's burden of proof finding. We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Home-*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

*land Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

The IJ properly found that Zhang failed to establish past persecution. *See* 8 U.S.C. § 1101(a)(42). We have held that to rise to the level of persecution, harm must be sufficiently severe, i.e., more than "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006). We have also clarified the standard for establishing a claim of past persecution, cautioning the agency to remain "keenly sensitive" to the fact that any physical abuse while in detention may rise to the level of persecution if it occurs on account of a protected ground. *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006). In this case, however, where Zhang successfully fled arrest, went into hiding, and was never captured, we find no error in the agency's conclusion that she did not suffer persecution. *Ivanishvili*, 433 F.3d at 341.

To the extent Zhang bases her claim on a well-founded fear of future persecution, we find that she has failed to provide "solid support" in the record for her claim that she will be jailed upon returning to China, either for her past acts or for her practice of Falun Gong in the United States.[2] *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005). Because she fails to indicate anything in the record that would compel the conclusion that she has a well-founded fear of persecution, the agency's denial of her asylum claim on that basis was proper. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur*, 494 F.3d at 289.

Inasmuch as Zhang failed to meet the burden of proof for asylum, she also failed to meet the higher burden of proof necessary to establish eligibility for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Finally, because Zhang fails to challenge the BIA's denial of her application for CAT relief, we consider any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

2. While Zhang is correct that the IJ erred in requiring that she provide the arrest warrant that she claimed was shown to her family when police went to her house to arrest her, *see Diallo v. INS*, 232 F.3d 279, 285–86 (2d Cir.2000), we decline to remand because we

can "confidently predict" that the agency would reach the same decision without this error. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006).

